UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:12-CV-00186-JHM-HBB

CINCINNATI INSURANCE COMPANY                             PLAINTIFF

V.

RICHIE ENTERPRISES LLC                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Cincinnati Insurance Company, seeks a declaration by the Court that it has no duty to defend or provide coverage for Defendant, Richie Enterprises LLC, in an underlying action in a West Virginia state court. The Court ordered supplemental briefing on the issue of whether it can properly maintain jurisdiction over this action under the Declaratory Judgment Act. (See Order [DN 7].) The parties have filed their supplemental briefs. Therefore, this matter is ripe for decision.

### I. BACKGROUND

On June 26, 2012, the State of West Virginia filed an action against Defendant and others, alleging that it has "substantially, illicitly, and tortiously benefitted financially from the prescription drug abuse problem in West Virginia." (Compl. [DN 1-2] ¶ 2.) According to the action's allegations, Defendant distributes various prescription drugs to drugstores, which then dispense them to West Virginia residents based upon "bogus prescriptions from physicians who are prescribing controlled substances for illegitimate medical purposes." (Id. ¶ 3.) West Virginia seeks injunctive relief, both actual and statutory damages, and an order for a plan of medical monitoring. (Id. at 22–23.)

Defendant sought insurance defense from Plaintiff pursuant to its insurance policy providing Defendant with commercial general and umbrella liability coverage. Plaintiff, however, refused to provide coverage, concluding that West Virginia's claims against Defendant were not covered under

the insurance policy. Plaintiff has since filed this declaratory judgment action, seeking the Court's declaration on whether it owes Defendant a defense in the underlying state court action.

## II. LAW

A court's exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory. Bituminous Cas. Corp. v. J & L Lumber Co., 373 F.3d 807, 812 (6th Cir. 2004) (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942)). Instead, the Sixth Circuit has held that courts must examine five factors to determine whether a case is appropriate for declaratory judgment. Id. at 813. These factors are:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

Id. (citing Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000) (citations omitted)).

## III. DISCUSSION

In their briefs, both parties urge the Court to exercise discretionary jurisdiction in this matter and ultimately reach the merits of their insurance coverage dispute. Because the Court finds that the relevant factors weigh in favor of its exercise of jurisdiction, it will permit the action to go forward.

**Settlement of the Controversy & Clarification of Legal Relations**

In the context of lawsuits by insurance companies to determine policy coverage obligations, most courts consider the first and the second factors together. See Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 557 (6th Cir. 2008) (noting that "it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue"). However, as

2

the parties have discovered, there is a split within the Sixth Circuit regarding each factor. One line of cases suggests that the declaratory judgment action must settle the entire controversy that is ongoing in state court and clarify the legal relationship between all the parties. See Travelers Indem. Co. v. Bowling Green Prof'l Assocs., 495 F.3d 266, 271 (6th Cir. 2007) (holding that the failure to resolve the controversy or clarify the legal relationship between all the parties in the underlying state case weighed against exercising jurisdiction). Another line of cases suggests that the declaratory judgment need only settle the controversy and clarify the relations between those involved in the declaratory judgment action. See Northland Ins. Co. v. Stewart Title Guar. Co., 327 F.3d 448, 454 (6th Cir. 2003) (holding that the first factor weighed in favor of accepting jurisdiction because the declaratory judgment would settle the insurance coverage issue between the parties).

The Sixth Circuit recognized this apparent conflict in Flowers, noting that "[t]he difference between these lines of cases appears to rest on the competing policy considerations of consolidating litigation into one court versus permitting a party to determine its legal obligations as quickly as possible." 513 F.3d at 555. The Court then went on to present an alternative explanation, stating that "the contrary results in these cases might also be explained by their different factual scenarios." Id. Specifically, where the Sixth Circuit required the declaratory action to resolve the entire controversy and clarify the legal relations between all parties, there were factual disputes regarding the insured that would have to be resolved in the declaratory judgment action. See, e.g., Bituminous Cas. Corp., 373 F.3d at 813 (recognizing a dispute as to whether the injured party was the insured's employee). In each of the cases where the Sixth Circuit reached the opposite conclusion, such factual disputes did not exist. See, e.g., Northland Ins. Co., 327 F.3d at 454.

Some federal courts are not persuaded by these Flowers explanations, finding that the Sixth

3

Circuit has essentially adopted contrary, irreconcilable positions. See, e.g., Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am., 565 F. Supp. 2d 779, 787 (E.D. Ky. 2008). The Court shares many of these courts' concerns. However, there are factual distinctions between the lines of cases that post-Flowers courts have found important. See, e.g., Auto Owners Ins. Co. v. Aldridge, 2009 WL 4782115 at *2–3 (E.D. Ky. Dec. 7, 2009). Therefore, this Court joins those cases in concluding that where the district court in the declaratory judgment action will only have to decide purely legal questions or engage in fact-finding that does not affect the parties in the underlying action, the declaratory action need only settle the controversy and clarify the legal relations between the parties in the district court.

In this case, it appears that the only issue to be decided by the Court is whether Defendant is requesting a defense that falls within the insurance policy's coverage. To make a determination on this issue, the Court will have to analyze whether Defendant claims "bodily injury" or "property damage" caused by an "occurrence." The Court will also have to consider whether any of the policy exclusions apply. As other courts have aptly noted, these types of questions "can be answered by reference to the [underlying state court] complaint." State Farm Fire & Cas. Co. v. Harris, 2012 WL 896253 at *2 (E.D. Ky. Mar. 15, 2012). Therefore, in this declaratory action, the Court will not be addressing the merits of any claims asserted in the West Virginia action and the issues presented will not affect or disturb the resolution of the issues presented in that case. Accordingly, the Court finds that this declaratory action will settle the parties' controversy and clarify the coverage issues between the insurance company and its insured. The first two factors weigh in favor of exercising jurisdiction.

**Procedural Fencing and Res Judicata**

"The third factor is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum.'" Flowers, 513 F.3d at 558 (citing AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2004)). The Sixth Circuit has held that it is "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." Id. In this case, there is no evidence of a "race for judicata" or an improper motive. As such, the Court finds that factor weighs in favor of exercising jurisdiction.

**Increase of Friction and Improper Encroachment**

As to the fourth factor, the Sixth Circuit has held that courts must analyze three additional sub-factors when determining whether an exercise of jurisdiction would increase friction between the federal and state courts. These factors are:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Bituminous Cas. Corp., 373 F.3d at 814–15 (citing Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000)). The Court considers each sub-factor in turn.

*Importance of Underlying Factual Issues to Resolution of Case.* Both parties agree that the first sub-factor weighs in favor of exercising jurisdiction, as the coverage question is not dependent on the outcome of a factual inquiry made in the underlying state action. The Court agrees with the parties. As discussed above, the only issue to be decided in this action is whether Defendant requests

a defense that falls within the policy's limits. Since this issue can be answered by referencing the state court complaint, its underlying factual issues are not important to an informed resolution of this case. The first sub-factor thus weighs in favor of exercising jurisdiction.

*State Court's Position to Evaluate Factual Issues.* The Court also finds that the second sub-factor weighs in favor of exercising jurisdiction. As to this factor, the question is whether the West Virginia court is in a better position to evaluate the factual issues than the federal court. It is not. Again, there is little overlap, if any, between the factual issues presented in the West Virginia action and this declaratory judgment action, and the state court is not in a better position to address the issues presented. Importantly, the insurance company is not a party to the state court action and neither the scope of insurance coverage nor the obligation to defend is before the state court.

*Close Nexus between Issues and State Law and Policy.* With respect to the third sub-factor, the Court finds that it does weigh against exercising jurisdiction. The interpretation of insurance contracts is a "question[] of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve." Bituminous, 373 F.3d at 815. Thus, there is a close nexus between the underlying legal issues and state policy and this sub-factor weighs against exercising jurisdiction. Nevertheless, this does not mean that the Court must abstain from hearing the matter. After all, "not all issues of insurance contract interpretation implicate such fundamental state policies that federal courts are unfit to consider them." Flowers, 513 F.3d at 561. In this case, the terms "bodily injury," "property damage," and "occurrence" are defined in the insurance policy–and to the extent that any relevant policy terms are not defined, Kentucky courts are clear on the interpretation of contractual language. See Bituminous Cas. Corp. v. Kenway Contracting, Inc., 240 S.W.3d 633, 638 (Ky. 2007) (discussing how to interpret and construe ambiguous language in an insurance contract). The Court

thus finds that while the third sub-factor weighs against the exercise of jurisdiction, this does not mandate dismissal of the case. The overall effect of the three sub-factors (and thus the overall effect of the fourth factor) still supports the Court's exercise of jurisdiction.

### Alternative Remedy

Finally, the Court must consider the fifth factor: whether there is an alternative remedy that would be better or more effective. As is almost always the case, there are alternative remedies. For example, Kentucky and West Virginia both provide a declaration of rights procedure. See K.R.S. § 418.040; W. Va. Code § 55-13-1. The Court finds, however, that the facts do not suggest that either of these state court fora would be better or more effective for this declaratory judgment action.

The Sixth Circuit has, at times, found value in the same court resolving both the underlying action and the declaratory judgment action. See, e.g., Bituminous Cas. Corp.,373 F.3d at 816. But in this case, it would not be valuable to bring a declaratory action in a Kentucky state court, as the underlying action is in West Virginia–not Kentucky. In other words, if the declaratory action was brought in a Kentucky state court, there would still be two different courts resolving the parties' issues. Moreover, it would not be valuable to bring a declaratory action in a West Virginia state court considering that Kentucky law applies to the insurance policy–and the controversy would be between an out-of-state insurer (based in Ohio) and an out-of-state insured (based in Kentucky). Indeed, the Court sees no benefit in West Virginia handling the matter.

The Court notes that the remedy of an indemnity action would not be a superior alternative, as it would require Plaintiff to join in the underlying state court action and wait until the liability issue is resolved before determining its obligations to its insured. As the Sixth Circuit has noted, "[s]uch a delayed alternative would be worse, not better, than seeing a federal declaratory judgment

7

action." Flowers, 513 F.3d at 562. This fifth factor thus weighs in favor of exercising jurisdiction. Since the factors support the Court's exercise of jurisdiction, the matter will not be dismissed.

## IV. CONCLUSION

For the reasons set forth above, the Court will exercise federal discretionary jurisdiction over this declaratory judgment action.

*[signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

February 13, 2013

cc: counsel of record

8